The Honorable Richard Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No.    16-cv-00889 RAJ |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS CITY OF SEATTLE AND |
| THE CITY OF SEATTLE AND ITS | ) | SEATTLE CITY LIGHT'S RESPONSE TO |
| DEPARTMENT SEATTLE CITY LIGHT, | ) | PLAINTIFF'S MOTION FOR SUMMARY |
| | ) | JUDGMENT |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

The City of Seattle ("City") takes no position as to whether the information at issue in this matter is subject to disclosure under Washington's Public Records Act.  However, the City wishes to make one point of clarification and requests detailed guidance from the Court as to the scope of any exemptions.

As an initial matter, although the City does not dispute the majority of the FBI's factual statements, the City respectfully disagrees with the FBI's characterization of the November 20, 2015 production of records as nonconsensual.  *See* Mot. at 8 ("On or about November 20, 2015,

DEFENDANTS CITYOF SEATTLE AND SEATTLE
CITY LIGHT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (16-00889) - 1

[the City] pursuant to its stated intentions, disclosed, *without the consent of the FBI*, a portion of the Protected Information as it appeared in the August 4, 2015 email chain (Exhibit B) and the spreadsheet.") (emphasis added); *id.* at 9 (describing release of records as "unauthorized"). As the FBI readily concedes, the City provided third-party notice to the FBI prior to the November 20 production,[1] informing the FBI in no uncertain terms that it would release the information unless the FBI obtained an injunction prohibiting disclosure. *Id.* at 8. The FBI acknowledges that it sought no such injunction. *Id.* In this context, the FBI's failure to "pursue litigation" was tantamount to consent, and thus, the FBI's characterization of these events is inaccurate. *See id.*

In addition, the City respectfully requests that this Court provide clear and detailed guidance as to the scope of any exemptions to the specific information at issue in this case. By way of background, the spreadsheet at issue lists each of Seattle City Light's pole cameras in a different row or, in some cases, set of consecutive rows. For each pole camera, the following information is displayed in columns: Location (street address), Pole #, Agency, POC (Point of Contact), Date installed/notified, Date removed/notified, and Notes. The spreadsheet includes pole cameras associated with a number of agencies other than the FBI, including the Seattle Police Department ("SPD"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the King County Sheriff's Office ("KCSO").

The Temporary Restraining Order issued on June 13, 2016 stated that the City is prohibited from releasing "any Protected Information identified in more detail in the TRO Motion." Temporary Restraining Order at 3. This language, coupled with the FBI's interpretation of that language, has caused confusion around two issues.

---

[1] This is standard operating procedure for the City. When a requestor requests information that a third-party may believe is exempt from disclosure, the City provides notice to that third party and an opportunity to obtain injunctive relief. Absent such relief, the City releases such information. The reason for this is simple: Under the PRA, an agency that does not respond correctly is potentially subject to penalties of $100 per-day, per page of a particular public record, in addition to attorney's fees and costs. *See, e.g., Wade's Eastside Gun Shop, Inc. v. Dep't of Labor & Indus.*, 185 Wn.2d 270, 280, 372 P.3d 97 (2016) (PRA allows for a "per page" penalty) & RCW 42.56.550(4) (penalty for wrongful denial of right to inspect can be between $0 to $100 per day). In order to avoid such liability, the City places the onus on the party that seeks to prevent the disclosure of the public records to obtain effective relief, which, in turn, protects the City from incurring liability under the PRA.

DEFENDANTS CITYOF SEATTLE AND SEATTLE
CITY LIGHT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (16-00889) - 2

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

*First*, as a result of the FBI's decision not to seek injunctive relief regarding the November 20, 2015 release, the City has previously released all columns and information on the spreadsheet aside from the locations and pole numbers of FBI cameras. Mot. at 8. The FBI now seeks to prevent the disclosure of information that has already been released.[2] *See id.* at 9.

*Second*, as illustrated in correspondence between the FBI and the City, the parties have had some disagreement as to which information on the spreadsheets is exempt from disclosure and how to redact the spreadsheets to conceal protected information. The FBI objects to redaction of spreadsheet rows related to FBI cameras, as this redaction reveals the number of cameras. However, withholding the entire spreadsheet to disguise this information necessitates the withholding of other non-exempt information, such as spreadsheet rows regarding cameras owned by other agencies. *See* Declaration of Jessica Nadelman in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment at ¶ 2, Ex. A. While the City intends to comply with any order issued by this Court, it also wants to ensure that it also complies with its obligations under the PRA.

To that end, and to prevent any ambiguity, it would be helpful if any order granting injunctive relief in this matter specified (a) which columns pertaining to FBI cameras are exempt

---

[2] Note that a redacted version of the spreadsheet has not only been released in response to a public disclosure request but has also been put into the record by Plaintiffs in this case. *See* Jennings Declaration, Ex. D.

DEFENDANTS CITY OF SEATTLE AND SEATTLE
CITY LIGHT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (16-00889) - 3

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

from disclosure, (b) whether the City is authorized to reveal the number of FBI cameras in redacting protected information, and (c) if not, how the City should redact the spreadsheets to comply with any injunction issued in this matter and the Public Records Act.

DATED this 12th day of September, 2016.

PETER S. HOLMES
Seattle City Attorney

By:    /s/ Jessica Nadelman
Jessica Nadelman, WSBA #27569
Email: Jessica.Nadelman@seattle.gov
Telephone: (206) 386-0075

/s/ Michael K. Ryan
Michael K. Ryan, WSBA #32091
Email: michael.ryan@seattle.gov
Telephone: (206) 684-8207

Assistant City Attorneys
Attorneys for Defendants
City of Seattle

DEFENDANTS CITY OF SEATTLE AND SEATTLE
CITY LIGHT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (16-00889) - 4

1

DECLARATION OF SERVICE

2        I hereby certify that on September 12, 2016, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4    following:

5        Kayla C. Stahman      kayla.stahman@usdoj.cov

6

7        DATED this 12th day of September, 2016, at Seattle, King County, Washington.

8

9                  /s/Michael K. Ryan
                  Michael K. Ryan, WSBA#32091

10                 Email: michael.ryan@seattle.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS CITYOF SEATTLE AND SEATTLE
CITY LIGHT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (16-00889) - 5

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200